**CV 12 - 3534**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THE ANNUITY, PENSION, WELFARE AND TRAINING
FUNDS OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO, BY ITS TRUSTEES
EDWIN L. CHRISTIAN, CHRIS CONFREY, JOHN CRONIN
DON DeNARDO, RENZO COLLAVINO, DANIEL NOESGES,
DENISE M. RICHARDSON and JOHN F. O'HARE,

**MATSUMOTO, J.**

**GOLD, M.J.**

**COMPLAINT**

Plaintiffs,

CV-12-

**SUMMONS ISSUED**

-against-

KELCO CONSTRUCTION, INC.,

Defendant.
----------------------------------------------------------------X

Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to recover fringe benefit contributions owed to employee fringe benefit trust funds and for breach of the terms and conditions of a collective bargaining agreement, respectively.

**JURISDICTION**

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below Plaintiffs THE ANNUITY, PENSION, WELFARE AND TRAINING FUNDS OF THE INTERNATIONAL UNION OF

OPERATING ENGINEERS, LOCAL 14-14B, AFL-CIO (hereinafter collectively referred to as "Plaintiffs LOCAL 14 TRUST FUNDS") are administered at 141-57 Northern Boulevard located in Flushing, County of Queens, State of New York.

## THE PARTIES

4. Plaintiffs LOCAL 14 TRUST FUNDS are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of the LOCAL 14 TRUST FUNDS maintain the subject plans at offices located at 141-57 Northern Boulevard, Flushing, New York 11354.

5. EDWIN L. CHRISTIAN, CHRIS CONFREY, JOHN CRONIN, DON DeNARDO, RENZO COLLAVINO, DANIEL NOESGES, DENISE M. RICHARDSON and JOHN F. O'HARE are Trustees of the LOCAL 14 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 14 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants

7. The LOCAL 14 WELFARE and TRAINING FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical and skill improvement benefits to eligible participants.

8. Plaintiffs LOCAL 14 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9. Plaintiffs LOCAL 14 TRUST FUNDS also serve as the collection agent for union assessment (dues checkoff) and political action committee payments which are remitted from

17. In accordance with the underlying Collective Bargaining Agreement and the Trust Agreements establishing Plaintiffs LOCAL 14 TRUST FUNDS, Defendant KELCO CONSTRUCTION consented to the performance of an audit of its books and records to determine whether said Defendant had made all of the required fringe benefit contributions as well as union assessment (dues checkoff) and political action committee payments to Plaintiffs LOCAL 14 TRUST FUNDS in accordance with the Collective Bargaining Agreement for the period of July 1, 2007 through February 28, 2012.

18. That on or about June 7, 2012, the results of said audit were detailed by the auditor for Plaintiffs LOCAL 14 TRUST FUNDS which determined that Defendant KELCO CONSTRUCTION had failed to provide the contractually required (a) fringe benefit contributions, along with the required (b) union assessment (dues checkoff) and (c) political action committee payments for the period of July 1, 2007 through February 28, 2012 in the amount of $50,449.24.

19. Upon information and belief, Defendant KELCO CONSTRUCTION may owe additional contributions for the period of March 1, 2012 through Present as required in accordance with the terms of the Collective Bargaining Agreement. The precise figure for the period of March 1, 2012 through Present cannot be determined because said Defendant may not have filed accurate employment reports for those months in which it was required to make contributions as required by the Collective Bargaining Agreement.

20. Despite repeated efforts by Plaintiffs LOCAL 14 TRUST FUNDS to collect the contributions owed, Defendant KELCO CONSTRUCTION remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 14 TRUST FUNDS as detailed above.

21. Accordingly, as a direct and proximate result of Defendant KELCO CONSTRUCTION'S defaults, omissions and breaches of the Collective Bargaining Agreement said Defendant KELCO CONSTRUCTION is liable to the Plaintiffs in the amount of no less than $50,449.24 along with potentially additional contributions along with union assessment (dues checkoff) and political action committee payments, for the subsequent period not covered by the audit.

## AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS)

22. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 21 inclusive with the same force and effect as though more fully set forth at length herein.

23. Defendant KELCO CONSTRUCTION'S failure to make the required fringe benefit contribution payments to Plaintiffs LOCAL 14 TRUST FUNDS for the period audited of July 1, 2007 through February 28, 2012 in the amount of $50,449.24 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

24. Upon information and belief, Defendant KELCO CONSTRUCTION may owe additional contributions for the period of March 1, 2012 through Present as required by Section 515 of ERISA, 29 U.S.C. § 1145. The precise figure for the period of March 1, 2012 through Present cannot be determined because said Defendant may not have filed accurate employment reports for those months in which it was required to make contributions as required by the Collective Bargaining Agreement and Section 209 of ERISA, 29 U.S.C. § 1059.

25. Despite repeated efforts by Plaintiffs LOCAL 14 TRUST FUNDS to collect the contributions owed, Defendant KELCO CONSTRUCTION remains delinquent in making the

proper contributions and has failed to pay any portion of the outstanding contributions owed to the LOCAL 14 TRUST FUNDS as detailed above.

26. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

27. Accordingly, as a direct and proximate result of Defendant KELCO CONSTRUCTION'S breach of the Collective Bargaining Agreement and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, Defendant KELCO CONSTRUCTION is liable to the Plaintiffs in the amount of no less than $50,449.24 along with potentially additional contributions for the subsequent period not covered by the audit, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A THIRD CAUSE OF ACTION
## (DEMAND FOR AN AUDIT)

28. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 27 inclusive with the same force and effect as though more fully set forth at length herein.

29. Under the terms of the Collective Bargaining Agreement and ERISA, an employer is required to make payments to Plaintiffs LOCAL 14 TRUST FUNDS based upon an agreed

sum for each employee hour of its hourly payroll worked or wages paid, and to report such employee hours and wages to Plaintiffs LOCAL 14 TRUST FUNDS.

30. Pursuant to the terms of the Trust Agreements establishing the LOCAL 14 TRUST FUNDS, the Collective Bargaining Agreement and ERISA, Plaintiffs are entitled to audit Defendant KELCO CONSTRUCTION'S books and records.

31. Upon information and belief, Defendant KELCO CONSTRUCTION may have underreported the number of employees, the amount of employee hours and wages paid to its employees and the contributions due for the period of March 1, 2012 through Present.

32. Plaintiffs therefore demand an audit of Defendant KELCO CONSTRUCTION'S books and records.

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as follows:

1. Of Defendant KELCO CONSTRUCTION, INC. in the amount of contributions, union assessment (dues checkoff) and political action committee payments determined to be due and owing to Plaintiffs LOCAL 14 TRUST FUNDS in the amount of $50,449.24, plus any additional monies that may be determined to become justly due and owing to the LOCAL 14 TRUST FUNDS during the pendency of this action and before final judgment.

**WHEREFORE**, Plaintiffs demand judgment on the Second Cause of Action as follows:

1. Of Defendant KELCO CONSTRUCTION, INC. in the amount of contributions, determined to be due and owing to Plaintiffs LOCAL 14 TRUST FUNDS in the amount of $50,449.24, plus any additional monies that may be determined to become justly due and owing to the LOCAL 14 TRUST FUNDS during the pendency of this action and before final judgment, together with:

  a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

  b. Statutory or liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

  c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

  d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand judgment on the Third Cause of Action as follows:

1. An order requiring Defendant KELCO CONSTRUCTION, INC. to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E); and

2. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
   July 9, 2012

            Yours, etc.

            BRADY McGUIRE & STEINBERG, P.C.

By: */s/ James M. Steinberg*
   James M. Steinberg (JS-3515)
   Attorneys for Plaintiffs
   303 South Broadway, Suite 234
   Tarrytown, New York 10591
   (914) 478-4293